Next case, In Re World Trade Center Lower Manhattan, Disaster Site Litigation. May it please the court, Andrew Amon for the State of New York. I'd like to reserve two minutes for rebuttal. And to clarify, I will be arguing the constitutional issues on behalf of all of the parties or all of the appellants, though Mr. Gregory Cannata is here today and available to answer questions with respect to the distinct issues involving his clients. Your Honors, prior to this case, no court had ever invalidated a New York claim revival statute such as Jimmy Nolan's law, and the court below erred in being the first. This court should reverse or failing that, certify to the New York Court of Appeals for two reasons. First, Battery Park City Authority had no right to assert this due process challenge, and second, even if it did, Jimmy Nolan's law satisfies any potentially applicable requirements. This court can address those issues in either order. I'd like to start this morning with the second. Under any applicable due process standard, Jimmy Nolan's law was within the legislature's authority to protect the rights of injured post-9-11 responders deprived of a chance at compensation by restrictive notice of claim provisions applicable only to government entities. The law was a limited and tailored measure. It revived for a narrow window claims against a small class of defendants by a small class of workers. Those workers were people who, one, responded to the site of an unprecedented disaster, two, received false assurances of workplace safety and inadequate equipment and instructions, and three, as a result, wound up suffering slow-developing respiratory conditions, the nature and causes of which are often far from readily apparent. But there is a discovery rule that applies to their causes of action, is there not? That's true, but they Just to be clear then, my question is, this 90-day notice of claim provision runs from the time when they discover their injuries, not from the time of exposure. That's correct. However, discovering the injury is equivalent to the onset of symptoms. And so having symptoms is not necessarily sufficient notice that I have symptoms that are a serious respiratory or similar condition that is a result of work that I did at a 9-11 workplace. And the 90-day notice of claim is extremely short. I mean, if this were a 2-year or 5-year statute of limitations running from the time of discovery, we might have a very different situation as far as the potential injustice of applying such a statute. No, that's exactly correct, Your Honor, and the details that you've pointed to, frankly, indicate the careful consideration the legislature gave to the precise circumstances and the tailoring of this statute to meet the situation that called for a remedy. Are there revival statutes, though, in cases applying them that deal with the 90-day period problem that Judge Lynch just pointed out? In other words, if it's a 2- or 3-year time period from the time you notice the symptoms, that gives you a lot more time to figure out what this exactly is. But are there cases that say because this is a governmental entity with a 90-day claim notice in addition to the statute of limitations, due process is implicated even more against them, in their favor? In other words, these revival statutes that say there's a group of people who missed a statute of limitations, and there's plenty of those, but they usually just deal with cases where there's a 2- or 3-year or even a 6-year statute of limitation. I'm asking whether you're aware of cases, though, where they discuss this particular problem if it's against, like, a municipality or a state or a governmental entity which requires this earlier notice of claim, the 90-day notice of claim. In other words, you have to satisfy both, and that's true in Connecticut as well, where if you're suing a municipality, you've got to give a notice of claim within 90 days, but you're also subject to a 2- or 3-year limitations period. But the problem that Judge Lynch just pointed out is that 90 days is a lot different from 2 years or 3 years. Are there cases that talk about the due process issues in the 90-day notice of claim context? No, Your Honor. We're not familiar with any of these. You know, each case is sui generis, and frankly, the legislature doesn't do this terribly often. However, as I believe Your Honor suggested, the 90-day factor is an important consideration that weighs in favor of what the legislature did in this case, relaxing that requirement that really is not a lot of time to necessarily put the pieces together, particularly for workers who had been told that their workplaces were safe. They hadn't been given adequate safety equipment or safety instructions or safety instructions in their own language. They didn't necessarily – they wouldn't have been in a position to know that. The fact that these also are public corporations, again, weighs in favor of the reasonableness of what the legislature did. It didn't apply a statute that revived claims as against all defendants. Other defendants who had simply a 3-year statute of limitations without the 90-day notice of claim requirement weren't affected by this law. The legislature was trying to help a particularly affected and particularly deserving class of workers. I suppose it would be exceedingly unlikely that there would be cases exactly like this because, first of all, as you say, the legislature – there are very few examples of revivals of lapsed claims by the legislature in the first place. And because of your other argument, the most common type of defendant that has the 90-day notice of claim would be municipal corporations. And I guess there's no question that they would not be able to raise this constitutional argument. This defendant is trying to distinguish itself as being a different type of public corporation, but the no-capacity-to-sue rule would be squarely on point for cities and other subdivisions that would be the most common type of defendants. That's correct, Your Honor, and to be sure, we vigorously dispute that there is any distinction for these purposes. One point I would make about the existing case law with respect to discovery rules, even in the context of private defendants, in the McCann case that we describe in our briefs, there were two revival statutes, and one of them specifically gave the right to injured workers who suffered from a slow-onset disease to bring suit upon connecting the nature of their injuries to the exposure in the workplace. So even in that context, the Court has validated, recognized the legitimacy of the principle that the legislature applied here, that even if you were experiencing symptoms, you wouldn't necessarily be in a position to connect those symptoms to your workplace injury. Can we turn to the standing issue and tell me why the Patterson case is not real trouble for you? Because that's another state-created entity trying to raise the tolls for access to Jones Beach, and in a footnote . . . I mean, there are several responses to that, starting with the footnote itself. It contains a citation, and by the way, this wasn't contested in the Court of Appeals, so even the footnote is itself dicta. In any event, it contains a citation to matter of Jeter v. Ellenville Central School District, and a citation to a page in which that court said, that we recognize that there is an exception where, quote, municipal challengers assert that if they are obliged to comply with the state statute, they will by that very compliance be forced to violate a constitutional prescription, unquote. Matter of Jeter v. Ellenville Central School District relied on prior authority, the Allen case of the New York Court of Appeals, which was the same thing, the same authority that special term cited in Patterson v. Cary. And the footnote says, we agree with special term. So, the exception that they're relying on is that the public authority in that case, by not charging the toll that it had set, in other words, by complying with the statute that required it to pay a lower toll, was violating the Constitution. They were violating specific concrete constitutional rights of the bondholders. But how much of that had to do with standing? So, if Battery Park City Authority is being sued because it's a landlord, not necessarily a governmental function, as opposed to regulating whether you could have an illuminated sign in the building, a governmental function, wasn't that case looking at what Patterson was doing, that they were collecting tolls, it wasn't necessarily a governmental function, or how is it turning on that factor? It's, with respect, Your Honor, it's not at all. Well, you said if there was a constitutional challenge, that means that they had standing. There is an exception to the general rule that even counties and cities and other political subdivisions have standing if they can claim that by complying with the state law, they will be themselves forced to violate the Constitution. But aren't they, I thought, of course they have standing. They're being sued for money, and they're being harmed by this. This case, I thought this case was not about standing. The New York Court of Appeals cases use different formulations, sometimes described as capacity, sometimes described as standing, sometimes described as one of any substance. Okay, so let's start with the basics. This is not about Article III standing? Yes. Okay, so this case is not about Article III standing at all? Correct. Now, was Patterson a case about Article III type standing in special term, or was it a case about this particular exemption? It was a case about this particular exemption. That was a suit that was brought by bondholders claiming that the rescinding of a toll that the authority had passed was a violation of a specific legislative provision written into the bonds that promised them the authority would have the sole discretion to raise tolls. Was the argument made in that case that this doctrine that prohibits public corporations from challenging actions of the state legislature was implicated? Not at the appellate levels. At the trial court level, it was in the district court, or the trial court. So it was raised in special term? Yes. Okay, and the Court of Appeals should be taken, in your view, when it says we agree with special term to be ruling on the very issue that is present in this case. Under the circumstances of that, which may be distinguishable, but it's this argument that they were addressing in that footnote. In that footnote, they were addressing, yes, the special exception that allows subdivisions of the state to bring constitutional challenges to state legislation. And they did that in a footnote, and with respect to an issue that was not being raised before the Court of Appeals? Correct. Okay, and let me turn to a slightly different version of the issue that's before us as a practical matter. Do you think, are you taking the position that the law of New York is so clear in your favor that we ought to decide this issue, the capacity to sue issue, ourselves? Or is your primary argument that the law is sufficiently murky that we ought to certify this question to the New York Court of Appeals? We believe the law is sufficiently clear that this court can resolve that issue in our favor itself. However, if it has any doubt whatsoever about whether the state is correct, then this is an issue that is almost uniquely suited for certification. Because this is about the constitutional structure of government in the state of New York. It is about, on the merits, a New York State constitutional provision. And the standing, in quotes, issue is also something that inherently concerns rights to sue the state of New York by its own creatures. And what do we know about that, or what do we have to do with that in a certain way? Isn't that the argument for certification? That is absolutely the argument for certification. Is it true as to the second issue, too, because this is a due process challenge only under the New York State Constitution? Do you have the same eagerness to have us certify that question, as well? Is it so unclear? Again, we don't think that it's unclear at all. However, the district court obviously disagreed. And if this court has any doubt, we would certainly send this in. Isn't it a little hard? I mean, you've got three points of light from the New York Court of Appeals on revival statutes, right? I mean, there are only three cases that I found. One from 1927 that has an arguably more lenient standard of review in favor of the state. Then you have the post-Holocaust case, which might or might not change the rule. I mean, I think you could interpret that case as being, well, they're just saying this is a really extreme injustice, so of course the legislature can do it, not necessarily changing the liberal standard of review. But then you have a third case that explicitly says we're not deciding whether that changes the standard of review, which seems to me to leave the whole methodology that we should apply up for grabs. Would you disagree with that? I mean, I understand your point that no one has ever struck down one of these statutes, but the methodology that we're supposed to, but they have, the New York Court of Appeals has certainly refused to follow federal precedent on the federal due process clause, which says there's just no problem with this kind of statute. They've got a rule, but we don't know what the rule is. Well, actually, we would take issue with whether New York courts have definitively said that we're not going to follow the federal rule. What they've said is we don't have to. We don't have to determine that question because there have been sufficient circumstances every time. But then the law might be one of three things in New York. The law might be, why are we even here? Or the law might be we should be here because the courts should review these statutes, but they review it in a fairly generous standard. It was done in the 1920s case. Or the law could be there's a fairly strict standard which just happens to have been met a couple of times. In our view, even that standard is met here. That's the reason certification isn't necessary. To be clear, we do not oppose certification if the panel thinks any of this is in doubt. But the extraordinary circumstances of this case involving injured post-9-11 workers who came and got this city up and running again and the desire of the legislature to make sure that those individuals would have a fair playing field in terms of seeking compensation for their injuries, simply by removing a timeliness bar to a defense raised by its public corporations, easily meet even the most strict standard. Thank you. You've reserved a couple of minutes. Mr. Flannery? Good morning, Your Honors. May it please the Court. The district court correctly held that as a public authority, Battery Park City Authority is not a subdivision of the state and had standing to challenge the constitutionality of Jimmy Nolan. Then why do you have the 90-day notice of claim rule at all if you're not sufficiently a public entity? Is there anybody who's not a public entity who gets the benefit of that? There is no public benefit corporation or public authority that we are aware of that gets that benefit, no, Your Honor. But the public authorities— You claim it, though. We claim entitlement to it, yes. But public authorities have been recognized from their inception as being entities that are separate and distinct from the state. The simple difference between the state's position that Battery Park City Authority is a subdivision of the state and the position we take here as a public authority is that a subdivision of the state can't do things that the state is not entitled to on its own. Public authorities can. Public authorities can loan money to private businesses to enable development. The state can. But isn't the one thing that's clear about— if anything is clear in the New York Court of Appeals case law on this, that there ought to be a particularized inquiry into what kind of public benefit corporation it is and what kind of statute it is? That is correct. There's a particularized inquiry which the district court performed and found that the actions taken by Battery Park City in this context did not qualify it as a governmental entity, for instance. For this purpose. For this purpose. Yeah. They were a landlord. So first I want to try and clarify your point. I thought you were saying a moment ago that Battery Park City Authority just flat automatically as a public benefit corporation not subject to the bar on suits against the state. Period. End of story. We go home. As opposed to saying it may be or it may not be. You need to do a particularized inquiry. The district court did the particularized inquiry correctly. Are you taking both of those positions or only one? The district court did that particularized inquiry. We don't believe that particularized inquiry was necessary under the Court of Appeals decisions because the Court of Appeals has repeatedly, in each context held, that public authorities are separate and distinct entities that are autonomous. That's the term they've used, autonomous. And if you're going to be autonomous, it means you have rights separate and apart from the state. But that wasn't so in Black River. Black River, interestingly, Your Honor, is not a public benefit corporation, despite the fact that it's been termed that both on its own website and in subsequent cases. If you look at the enabling legislation, they were initially, in 1915, a river regulating district, which is not a public authority. When the enabling legislation was revised, they became a municipal corporation, both of which are clearly subdivisions of the state. And while the Attorney General's Office and other courts have cited Black River as being a public authority, they've never been a public authority. But has not the Court of Appeals, in other contexts, assessed, engaged in this particularized inquiry with respect to public benefit corporations? They have, and in, for instance, the John Grace case, which you would think construction of buildings on SUNY campuses on behalf of the state by the State Construction Fund would be a governmental function. In John Grace, the Court of Appeals found that it was not, and that John Grace was a separate and autonomous. Of course, that's the same kind of argument that the state is making on the merits, that you've never lost one of these cases, or corporations like yours have never lost one of these cases. Just like they're saying the legislature has never lost a revival case, my problem is there's always a first time, at least if the law opens that possibility. And so the question is, what is the standard of review? How do we do the analysis? And if there's a question about even how we do the analysis, if you're taking the position that actually we should construe the New York Court of Appeals cases as saying never is a public benefit corporation a public entity for purposes of this right to sue rule, that's asking us to say something the New York Court of Appeals has not said. Do you oppose certification? Do you think this is a case which is so clear for you on either of these grounds? You need both, I guess. It's so clear for you on both of these grounds that we should just affirm the district court without seeking the benefit of the views of the New York Court of Appeals. We have taken the position both in our briefing here today, Your Honor, that we think it's sufficiently clear for this court to decide it, but we do not oppose certification of either issue. We believe, though, that the second due process argument that the state puts forth is a far clearer position for Battery Park City because in each of the cases that you mentioned, whether it's Robinson, whether it's Galuski, or whether it's Heimowitz, each one of those cases holds that in order for the revival statute to be valid, the plaintiffs have to be free from fault. And in this instance, there is no one that has even asserted that the plaintiffs were free from fault. The simple fact is they sat on their rights. Of course, the New York Court of Appeals has never decided a case like this by definition. Those were cases where the plaintiffs were free from fault, and in at least two of them. Certainly in the Holocaust case, it seems to me the argument for extraordinary injustice is blatant. This is a somewhat different case. If you go back to the Robinson case, I don't see that as some case of extraordinary injustice, and the court didn't either. They just said, eh, it was fair. All things considered, the legislature did what was fair, and that's okay. That's how I read that case. Why isn't that at least arguably applicable here? Right, but in Robinson, the plaintiffs were free from fault. And in Galuski, the plaintiffs were free from fault.  In each of those cases, the Court of Appeals specifically stated whether you're using a serious injustice standard or an apparent injustice standard. In each of those cases, the court said the plaintiffs, for the revival statute to be valid, the plaintiffs must be free from fault. Isn't it a little harsh to say that these plaintiffs had fault? I mean, I understand the argument that there is not such a great injustice because there is a discovery rule. They did discover their injuries. It's certainly theoretically possible that someone would immediately link this up and file a notice of claim. But to say they are not free from fault? Your Honor, they had 90 days to file a notice of claim. The statute of limitations with respect to Battery Park City was no different than the statute of limitations for each of the private defendants they sued. It was three years. But the New York State Legislature concluded that they were not as at fault as you're making out by passing Jimmy Nolan's law. That's a pretty good declaration that there's some sympathy here for these folks that maybe they didn't know that they were supposed to file the notice of claim within 90 days. Isn't that some indication of who's at fault here or the amount of fault you can impose on these workers? The only mention of the basis for this statute is that they were provided incorrect work information, that they lacked recognition of the causal connection between their illness and 9-11 exposure, and they were unaware of the statute of limitations. There is no direct connection with fault, and each of those things, each of those three items, are specifically addressed by the discovery rule of CPLR 214C. What about the 90-day notice requirement? Doesn't that complicate things? They had the opportunity. Each of the plaintiffs had an opportunity within the three-year window. If they missed the 90-day notice of claim requirements, they were authorized and the court was empowered to grant them leave to file a late notice of claim at any point during that three-year period. Maybe. Maybe. The court was empowered to do it. Whether they could meet the threshold of having a reasonable excuse is all they need to show, is they have a reasonable excuse for missing it. And the simple fact is the plaintiffs didn't do that. Could I go back to something you said a moment ago? You said all the other defendants had the same statute of limitations. Am I misunderstanding that the following is true? Everyone had the same statute of limitations, but only you benefit from the 90-day notice of claim requirement? In this context, that's correct. And that's the only thing that the legislature exempted the plaintiffs from, not the statute of limitations? It put you on the same footing as private defendants. They didn't exactly exempt them from it. They gave them a one-year window in which to comply. Right. So partially exempted them from it. So this puts you on the same footing as every other private defendant, does it not? It eviscerates a statutory defense that the authority has. Which the authority has because it's like a public corporation which gets the benefit of the 90-day limit. I'm just having trouble understanding why you don't have to take the bad with the good on this. It's because you have certain public aspects that you get the benefit of this 90-day notice of claim rule, just like the city of New York does. But you want to say, but actually we're much more like a private company, and therefore the legislature can't tamper with or can't undermine that 90-day limit where it could for the city of New York. It's not computing very well for me. That's correct because there's a difference between a municipal subdivision of the state, in which the city of New York unquestionably is, and a public authority, which is a New York State constitutionally separate entity, which the Attorney General's Office has previously issued opinions saying are autonomous, they are autonomous, and separate from the state. Well, is it they or this one? Because, again, the particularized inquiry is part of the problem here, isn't it? That you're arguing here for a kind of blunderbuss rule, as may be the state arguing for a blunderbuss rule in the other direction. But I thought the New York Court of Appeals was saying, well, each time you get a public benefit corporation, you not only decide whether that corporation in particular falls under this, not this rule, falls under any rule that's applicable to public entities, you look at this corporation and you look at what is the rule that is sought to be applied that applies generally to the public, and you put the two things together and figure out whether this public corporation is subject to this rule that applies to public entities. And that seems like a whole different thing than you're saying and may be different than what they're saying. But that particularized inquiry was performed by the district court. The simple fact is Battery Park, when you look at this, was performing the function of a private commercial landowner. And why does Section 1981 of the public authorities law say that the authority has a public purpose and shall be regarded as performing a governmental function? I know that's a tax statute, but that's pretty clear and serves for the benefit of the people of the state of New York, the county of New York, has a public purpose. It's pretty obvious, isn't it? Well, no, Your Honor, it's not. That is true for tax purposes. It doesn't say that, though. It doesn't say, but only for the purpose of taxation of the bonds are we saying this. It says this authority is described by us in this way. That is correct. And the same language is contained when you look at the Court of Appeals decisions. It's contained in the John Grace case regarding the State University Construction Fund. It's contained in the Patterson case. It's contained in the Bortolo case. It's contained in the Collins case with respect to the transportation authorities. That is the blanket language that is used. And in the face of that language, when the Court of Appeals has addressed this, they said the authorities are separate and distinct and autonomous entities. And for those reasons and for the reasons in our brief, we believe the district court's order should be affirmed. Thank you. You have two minutes to rebut. Thank you. I'd like to start briefly by going to this particularized inquiry test. It was a mistake of the district court to assume that any particularized inquiry was appropriate at all for the particular question here, which is, is this public entity a creature of the state vis-a-vis the state? The particularized inquiry test applies in a completely different context for a completely different reason. And that is to determine whether an entity that is in some ways distinct from the state vis-a-vis outside parties should be treated as though it is the state vis-a-vis outside parties. No court has ever in New York suggested that there is a particularized inquiry to determine whether a public corporation, public authority, district authority, or otherwise, is a creature of the state. It's always pretty impressive when one can say that no court in New York has ever said something because usually you can find some court in New York that's said just about anything. But if we limit our inquiry to the New York Court of Appeals for a moment, is there, I mean, there's such a dearth of authority on this particular question. You've got Black River, which Mr. Flannery says isn't really a case of a public benefit corporation at all. And you've got Patterson, which you say is a footnote dictum. So it's a little hard to say that the New York Court of Appeals has said something either way about whether there is a particular. You know, for most purposes that come up in the law, when we ask the question, is a public benefit corporation to be treated as a subdivision of the state or as something private, we do a particularized inquiry. You're saying, and it may be right, that for this purpose we don't have to do that. Is there any New York Court of Appeals case that you can cite other than the two that each of you, for your different reasons, thinks is meaningless, that says what you're now telling us to say? Black River Regulating District itself, that entity, contrary to what my adversary has suggested, has itself been recognized to be distinct from the state of New York for certain purposes vis-à-vis outside parties. As we cite in footnote six of our brief in the Malone case, it was held to be distinct from the state of New York for purposes of suits against it. However, in Black River Regulating District, the court said, political power conferred by the legislature confers no vested right as against the government itself. It is on the theory that the power conferred by the legislature is akin to that of a public trust to be exercised not for the benefit or at the will of the trustee, but for the common good. How long it shall last or how it shall be modified or altered belongs exclusively to the people to determine. That is going to be true for 100% of public authorities. It is certainly true for this public authority. It has no private owners. It has no private managers. Its functions, powers, and existence are purely a matter of New York statutory law. And it would seriously undermine the value of corporate corporations to say that the legislature's hands are tied by a constitutional right vested in the corporation itself that exists only to serve public ends and to say that the legislature cannot adapt the statutes in light of the public ends at a later point in time. And one final point, it's not just, Judge Droning is absolutely correct, it is not just for purposes of taxation that BBCA performs a government function. The New York Constitution specifically recognizes that the clearing and renovation of blighted areas and promotion of affordable housing are public purposes of the state of New York. And BBCA's ownership of its land was in furtherance of that public purpose. It also was in furtherance, certainly, where the issue here also relates specifically to BBCA's public functions and its ability to rely on a notice of claim requirement that applied to it only as a government entity. Thank you. We'll reserve decision on this matter. The next two cases are on submission, so I'll ask the clerk to adjourn court. Court is adjourned.